1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SUSANNE BEAN,                          )  Case No. EDCV 12-813 JC
                                       )
                Plaintiff,             )
                                       )
        v.                             )  MEMORANDUM OPINION AND
                                       )  ORDER OF REMAND
                                       )
MICHAEL J. ASTRUE,                     )
Commissioner of Social                 )
Security,                              )
                                       )
                Defendant.             )
_____       )

## I.    SUMMARY

On May 30, 2012, plaintiff Susanne Bean ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; June 1, 2012 Case Management Order ¶ 5.

///

1

1   Based on the record as a whole and the applicable law, the decision of the
2   Commissioner is REVERSED AND REMANDED for further proceedings
3   consistent with this Memorandum Opinion and Order of Remand.

4   **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**
5   **DECISION**

6   On December 12, 2008, plaintiff filed an application for Supplemental
7   Security Income benefits.  (Administrative Record ("AR") 126).  Plaintiff asserted
8   that she became disabled on February 1, 1994, due to lumbar disc disease, a panic
9   disorder, hearing loss, fatigue syndrome, depression, headaches and diabetes.  (AR
10  143).  The Administrative Law Judge ("ALJ") examined the medical record and
11  heard testimony from plaintiff (who was represented by counsel) and a vocational
12  expert on July 14, 2010.  (AR 22-45).

13  On December 21, 2010, the ALJ determined that plaintiff was not disabled
14  through the date of the decision.  (AR 10-17).  Specifically, the ALJ found:
15  (1) plaintiff suffered from the following severe impairments:  chronic fatigue
16  syndrome by history, diabetes, and lumbar sprain/strain (AR 12); (2) plaintiff's
17  impairments, considered singly or in combination, did not meet or medically equal
18  a listed impairment (AR 12); (3) plaintiff retained the residual functional capacity
19  to perform the full range of light work (20 C.F.R. § 416.967(b)) (AR 12);
20  (4) plaintiff could perform her past relevant work as a caterer/helper (AR 16);
21  (5) alternatively, there are jobs that exist in significant numbers in the national
22  economy that plaintiff could perform (AR 16-17); and (6) plaintiff's allegations
23  regarding her limitations were not credible to the extent they were inconsistent
24  with the ALJ's residual functional capacity assessment (AR 14).

25  The Appeals Council denied plaintiff's application for review.  (AR 1).
26  ///
27  ///
28  ///

2

1    **III.    APPLICABLE LEGAL STANDARDS**

2         **A.    Sequential Evaluation Process**

3         To qualify for disability benefits, a claimant must show that the claimant is

4    unable "to engage in any substantial gainful activity by reason of any medically

5    determinable physical or mental impairment which can be expected to result in

6    death or which has lasted or can be expected to last for a continuous period of not

7    less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)

8    (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The

9    impairment must render the claimant incapable of performing the work claimant

10   previously performed and incapable of performing any other substantial gainful

11   employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094,

12   1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

13        In assessing whether a claimant is disabled, an ALJ is to follow a five-step

14   sequential evaluation process:

15        (1)    Is the claimant presently engaged in substantial gainful activity?  If

16               so, the claimant is not disabled.  If not, proceed to step two.

17        (2)    Is the claimant's alleged impairment sufficiently severe to limit

18               the claimant's ability to work?  If not, the claimant is not

19               disabled.  If so, proceed to step three.

20        (3)    Does the claimant's impairment, or combination of

21               impairments, meet or equal an impairment listed in 20 C.F.R.

22               Part 404, Subpart P, Appendix 1?  If so, the claimant is

23               disabled.  If not, proceed to step four.

24        (4)    Does the claimant possess the residual functional capacity to

25               perform claimant's past relevant work?  If so, the claimant is

26               not disabled.  If not, proceed to step five.

27        (5)    Does the claimant's residual functional capacity, when

28               considered with the claimant's age, education, and work

1  experience, allow the claimant to adjust to other work that exists in

2  significant numbers in the national economy?  If so, the claimant is not

3  disabled.  If not, the claimant is disabled.

4  Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

5  Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at

6  1110 (same).

7      The claimant has the burden of proof at steps one through four, and the

8  Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262

9  F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch

10  v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of

11  proving disability).

12  **B.  Standard of Review**

13      Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

14  benefits only if it is not supported by substantial evidence or if it is based on legal

15  error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

16  2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

17  (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable

18  mind might accept as adequate to support a conclusion." Richardson v. Perales,

19  402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a

20  mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing

21  Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

22      To determine whether substantial evidence supports a finding, a court must

23  "'consider the record as a whole, weighing both evidence that supports and

24  evidence that detracts from the [Commissioner's] conclusion.'" Aukland v.

25  Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

26  953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

27  or reversing the ALJ's conclusion, a court may not substitute its judgment for that

28  of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

4

1  **IV.    DISCUSSION**

2        Plaintiff contends that the ALJ failed properly to evaluate the credibility of

3  her subjective complaints.  (Plaintiff's Motion at 4-9).  The Court agrees.  As the

4  Court cannot find that the ALJ's error was harmless, a remand is warranted.

5        **A.    Pertinent Law**

6        Questions of credibility and resolutions of conflicts in the testimony are

7  functions solely of the Commissioner.  Greger v. Barnhart, 464 F.3d 968, 972 (9th

8  Cir. 2006).  If the ALJ's interpretation of the claimant's testimony is reasonable

9  and is supported by substantial evidence, it is not the court's role to "second-

10  guess" it.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

11        An ALJ is not required to believe every allegation of disabling pain or other

12  non-exertional impairment.  Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007)

13  (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).  If the record establishes

14  the existence of a medically determinable impairment that could reasonably give

15  rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as

16  to the credibility of the claimant's statements about the symptoms and their

17  functional effect.  Robbins, 466 F.3d 880 at 883 (citations omitted).  Where the

18  record includes objective medical evidence that the claimant suffers from an

19  impairment that could reasonably produce the symptoms of which the claimant

20  complains, an adverse credibility finding must be based on clear and convincing

21  reasons.  Carmickle v. Commissioner, Social Security Administration, 533 F.3d

22  1155, 1160 (9th Cir. 2008) (citations omitted).  The only time this standard does

23  not apply is when there is affirmative evidence of malingering.  Id.  The ALJ's

24  credibility findings "must be sufficiently specific to allow a reviewing court to

25  conclude the ALJ rejected the claimant's testimony on permissible grounds and

26  did not arbitrarily discredit the claimant's testimony."  Moisa v. Barnhart, 367

27  F.3d 882, 885 (9th Cir. 2004).

28  ///

1    To find the claimant not credible, an ALJ must rely either on reasons

2    unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal

3    contradictions in the testimony, or conflicts between the claimant's testimony and

4    the claimant's conduct (*e.g.*, daily activities, work record, unexplained or

5    inadequately explained failure to seek treatment or to follow prescribed course of

6    treatment). Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at

7    680-81; SSR 96-7p. Although an ALJ may not disregard such claimant's

8    testimony solely because it is not substantiated affirmatively by objective medical

9    evidence, the lack of medical evidence is a factor that the ALJ can consider in his

10   credibility assessment. Burch, 400 F.3d at 681.

11           **B.    Analysis**

12           Here, the ALJ found plaintiff's subjective symptom testimony "not credible

13   to the extent [it was] inconsistent with the [ALJ's] residual functional capacity

14   assessment." (AR 14). The ALJ provided several conclusory reasons for

15   discounting plaintiff's credibility. The Court finds none of them to be clear and

16   convincing.

17           First, it appears that the ALJ discounted plaintiff's credibility because

18   plaintiff "received conservative sporadic treatment." (AR 14). The ALJ was

19   permitted to discounted plaintiff's credibility based on any unexplained failure to

20   seek treatment consistent with the alleged severity of her subjective complaints.

21   See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (In assessing

22   credibility, the ALJ may properly rely on plaintiff's unexplained failure to request

23   treatment consistent with the alleged severity of her symptoms.). Here, however,

24   the ALJ did not specify particular subjective complaints for which plaintiff

25   allegedly did not seek adequate treatment, nor did the ALJ identify the evidentiary

26   basis for his finding that plaintiff had failed to seek treatment consistent with her

27   subjective complaints. The ALJ's conclusory finding that plaintiff's treatment for

28   ///

1  unspecified impairments had been "conservative" or "sporadic" is not a clear and

2  convincing reason for discounting plaintiff's credibility.  Moisa, 367 F.3d at 885.

3      Second, the ALJ's citation to basically all of plaintiff's medical records, and

4  conclusory assertion that such records "do not establish an inability to perform

5  work activity for any twelve month period of time" (AR 14) (citing Exhibits B1F

6  at 2-29 [AR 209-36]; B2F at 2-7 [AR 238-43]; B3F at 2-57 [AR 245-300]; B10F

7  at 2-22 [AR 335-55]) does not provide a clear and convincing reason for

8  discounting plaintiff's credibility.  Moisa, 367 F.3d at 885.

9      Finally, the ALJ also suggests that plaintiff is not fully credible because the

10  objective medical evidence does not support her subjective complaints (*i.e.*,

11  "[Plaintiff's] records do not support the degree of limitations she is alleging or

12  greater work restrictions beyond those in the residual functional capacity herein.").

13  (AR 13, 14).  As detailed above, however, the ALJ did not provide any other valid

14  reason for discounting plaintiff's credibility.  Lack of objective medical evidence

15  to support subjective symptom allegations alone is not sufficient to discount a

16  claimant's credibility.[1]  See Burch, 400 F.3d at 681.

17      The Court cannot conclude that the above errors were harmless because it

18  cannot "confidently conclude that no reasonable ALJ, when fully crediting the

19  testimony, could have reached a different disability determination."  Stout, 454

20  F.3d at 1055-56.  At the administrative hearing, plaintiff testified, in essence, that

21  she is sick and weak most of the time, she requires a cane to ambulate, sometimes

22  she is unable to get out of her bed, she has lost a significant amount of weight, and

23  her daughter "does most of everything for [her] now."  (AR 33-39).  In written

24  _____

25      [1]The ALJ noted that the report of a consultative examination of plaintiff reflects that
    plaintiff "gave poor effort on her grip strength testing."  (AR 15) (citing Exhibit B11F at 4 [AR
26  359]).  The Court cannot conclude, as defendant suggests (Defendant's Motion at 6-7), that
    plaintiff's "poor effort" on a single grip test constituted "affirmative" evidence of malingering
27  sufficient to justify wholesale rejection of plaintiff's allegations of multiple and severe subjective
    symptoms.
28

statements she submitted, plaintiff stated, *inter alia*, that (i) she suffers from daily headaches; (ii) she "can't do anything anymore" and when she tries to do things she "get[s] really sick"; (iii) her condition affects her abilities to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, see, hear, remember, complete tasks, concentrate, understand, and follow directions; (iv) she cannot walk more than a block before needing to rest; (v) she cannot pay attention for more than 15-30 minutes at a time; (vi) she has panic attacks and cries every day; (vii) she has unbearable back pain and pain in both knees, and "is in pain all the time"; (viii) her pain medication helps a little but makes her very sleepy; (ix) she cannot sit due to her back pain; (x) she can relieve the pain only by taking pain medication and then laying on her couch; and (xi) she has about 20-25 "bad days" a month.  (AR 159-60, 169-76, 182-83, 195).

Therefore, remand is warranted at least so the ALJ can reassess plaintiff's credibility.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

1

## V.    CONCLUSION[2]

2

3         For the foregoing reasons, the decision of the Commissioner of Social

Security is reversed in part, and this matter is remanded for further administrative

4  action consistent with this Opinion.[3]

5         LET JUDGMENT BE ENTERED ACCORDINGLY.

6  DATED:  December 21, 2012

7                                               /s/
                                   _____

8                                   Honorable Jacqueline Chooljian
                                   UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18  _____

19     [2]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's

20  decision, except insofar as to determine that a reversal and remand for immediate payment of
    benefits would not be appropriate.  On remand, however, the ALJ may wish to reevaluate the

21  report of the Complete Internal Medicine Evaluation of plaintiff, specifically the consultative
    examiner's opinion that plaintiff had multiple postural limitations (*i.e.*, plaintiff needed to avoid

22  frequent bending, stooping, crouching, kneeling, jumping, and walking on uneven terrain) (AR
    362) – limitations which the ALJ neither expressly rejected nor included in his residual

23  functional capacity assessment for plaintiff.

24
       [3]When a court reverses an administrative determination, "the proper course, except in rare

25  circumstances, is to remand to the agency for additional investigation or explanation."
    Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and

26  quotations omitted).  Remand is proper where, as here, additional administrative proceedings
    could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.

27  1989); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option
    where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).

28